UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-23322-LEIBOWITZ

MOSSE SECURITY CONSULTING
& INSTITUTE (GOVERNMENT) LLC,

    *Plaintiff,*

v.

BENJAMIN MOSSE, *et al.*,

    *Defendants.*

_____/

ORDER ADOPTING
REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon United States Magistrate Judge Panayotta Augustin-Birch's Report and Recommendation on Defendants' Motion to Dismiss for Lack of Jurisdiction (the "R&R") [ECF No. 23], entered on March 4, 2026, recommending the denial of Defendants' Motion to Dismiss for Lack of Jurisdiction [ECF No. 16]. The undersigned referred the matter to Magistrate Judge Augustin-Birch pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of the Local Magistrate Judge Rules. [*See* ECF No. 21]. Objections were timely filed by Defendants [ECF No. 24], which the Court has reviewed *de novo*. Having reviewed and considered the R&R in light of the Objections, the parties' papers, the relevant portions of the record, and the applicable law, the Court concludes that there is personal jurisdiction over Defendants. Accordingly, the Court hereby **ADOPTS** Judge Augustin-Birch's R&R [**ECF No. 23**]. Defendants' Objections [ECF No. 24] to the R&R are **OVERRULED** for the reasons discussed below.

STANDARD OF REVIEW

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to

which objection is made." 28 U.S.C. § 636(b)(1)(C).  "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted).  Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" to accept the recommendation.  Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment, subdivision (b).

District courts retain broad "discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Club Madonna Inc. v. City of Miami Beach*, 42 F.4th 1231, 1259 (11th Cir. 2022) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009)).

## RULING ON OBJECTIONS

Defendants make three principal objections.  First, Defendants object to Judge Augustin-Birch's finding that they consented to personal jurisdiction in Florida by operation of the forum selection clause in Plaintiff's operating agreement. [ECF No. 24 at 2–6].  Second, Defendants argue that Judge Augustin-Birch erred in extending the forum selection clause to Defendant Benjamin Mosse Consulting Pty Ltd. ("Deveillance"), a non-signatory to the operating agreement.  [*Id.* at 6–8].  Finally, Defendants maintain that should this Court agree with their objections regarding the scope of the forum selection clause, a minimum contacts analysis must be conducted.  [*Id.* at 8].

Let's begin with the first objection.  Defendants say that the forum selection clause is limited in scope and that the R&R overlooked that important fact.  [ECF No. 24 at 2–3].  Specifically, Defendants claim that the forum selection clause is cabined to two narrow categories of proceedings: (1) those involving provisional or injunctive relief "related to the failure by a party to the Agreement to perform in accordance with the terms of the Agreement"; and (2) those where a party seeks to

enforce an arbitration clause or an award in arbitration.  [ECF No. 24 at 3 (emphasis removed)].  The Court disagrees.

For starters, this is the first time Defendants chose to lodge this specific argument.  Plaintiff raised this precise issue concerning the forum selection clause in its opposition to Defendants' Motion to Dismiss for Lack of Jurisdiction [ECF No. 19 at 6–9], but Defendants failed to file a reply.  By so doing, Defendants failed to state their position on the record before Judge Augustin-Birch.  The Court, therefore, overrules this objection that was not raised before Her Honor.  *See Club Madonna*, 42 F.4th at 1259.

But even on its merits, this objection fails.  The first category Defendants point to in § 12.4(c) of the operating agreement contains disjunctive language.  [*See* ECF No. 1 at 45 ("Each party agrees and consents to personal jurisdiction, service of process and venue in any federal or state court within the State of Florida, County of Miami-Dade, in connection with any action brought in connection with a request for any such provisional *or* injunctive relief . . . ." (emphasis added))].  So, even assuming Defendants are right that some causes of actions pled in the Complaint do not seek provisional damages, at least three seek injunctive relief.  [*See id.* at 11–16].  In addition, these three counts of the Complaint (Violations of the Computer Fraud and Abuse Act, Florida Uniform Trade Secrets Act, and Violation of the Florida Deceptive and Unfair Trade Practices Act) are certainly "in connection with" Plaintiff's other claims, such as the breach of contract claim, that relate directly to the performance of the operating agreement.  [*Compare e.g.*, *id.* ¶ 29, *with id.* ¶ 49].

Defendants then posit that the forum selection clause is preceded by a broad arbitration clause.  [ECF No. 24 at 4].  That clause reads that, "The exclusive remedy for determining any and all disputes, claims or causes of action arising out of or related to this Agreement . . . be determined by final, binding and confidential arbitration in Miami, Florida . . . ."  [ECF No. 1 at 45].  Defendants seem to suggest that this dispute should be arbitrated.  [*See* ECF No. 24 at 4].  But Defendants have not moved

3

to compel arbitration, yet they recognize that the second category in § 12.4(c) of the operating agreement clearly confers personal jurisdiction where a party seeks to enforce an arbitration clause. [*See id.* at 3]. They cannot have it both ways. The first objection is OVERRULED.

Moving to the second objection, Defendants contend that Judge Augustin-Birch erroneously extended the forum selection clause to Deveillance, a non-signatory to the operating agreement. [*See id.* at 6–8]. Again, this is the first time Defendants raise this issue. Their decision to do so alone warrants overruling the objection. *See Club Madonna*, 42 F.4th at 1259.

In any event, on the merits Defendants are wrong. They disagree with Her Honor's application of the test from *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214 (3d Cir. 2015),[1] in determining whether a forum selection clause binds a non-signatory. In Delaware, a non-signatory is bound by a forum selection clause if: (1) the clause is valid; (2) the non-signatory is a third-party beneficiary of the agreement or is "closely related to the agreement"; and (3) the claim at hand arises from the non-signatory's "status related to the agreement[.]" *Id.* at 218.

Defendants do no contest the first element of the *Carlyle* test. On the second element, though, Defendants argue that the R&R erred by finding that Deveillance is "closely related" to the operating agreement simply because Defendant Mosse—a signatory to the operating agreement—is the owner and Chief Executive Officer of Deveillance. [ECF No. 24 at 7]. Defendants claim that holding a mere officer-level position in a non-signatory entity is insufficient to satisfy the second element. [*Id.*]. Tellingly, Defendants do not cite any authority supporting this proposition. [*See id.*]. Indeed, governing law weighs against them.

---

[1] This test applies here because it is undisputed that Delaware law governs. [*See generally* ECF Nos. 24, 30; *see also* ECF No. 1 at 44 ("This Agreement, and any matter or dispute arising out of or related to this Agreement, shall be construed by, subject to and governed in accordance with the internal laws of the State of Delaware without giving effect to conflict of laws or other principles which may result in the application of laws other than the internal laws of the State of Delaware.")].

"In determining whether a non-signatory is closely related to a contract, courts consider the non-signatory's ownership of the signatory, its involvement in the negotiations, the relationship between the two parties and whether the non-signatory received a direct benefit from the agreement." *Carlyle*, 779 F.3d at 219 (first citing *Weygandt v. Weco, LLC*, No. 4056–VCS, 2009 WL 1351808, at *4–5 (Del. Ch. May 14, 2009); then citing *Capital Grp. Cos. v. Armour*, No. CIV. A. 422–N, 2004 WL 2521295, at *6–7 (Del. Ch. Oct. 29, 2004)). Other than the "direct benefit" test, Delaware courts find the "closely related" prong met where it is "foreseeable" that the non-signatory "would be bound by the agreement." *Imodules Software, Inc. v. Essenza Software, Inc.*, No. 0733-JTL, 2017 WL 6596880, at *3 (Del. Ch. Dec. 22, 2017). This "foreseeability" concept applies either where the non-signatory defendants "seek to enforce a forum selection clause against signatory plaintiffs" or when the signatory "controls" the non-signatory. *BuzzFeed, Inc. v. Anderson*, No. 0357-MTZ, 2022 WL 15627216, at *12 (Del. Ch. Oct. 28, 2022).

This case falls into the latter category. As alleged in the Complaint, Mosse is the Chief Executive Officer of Deveillance. [ECF No. 1 ¶ 10]. Plaintiff avers that both Defendant Mosse and Deveillance engaged in civil conspiracy to harass and undermine Plaintiff. [*Id.* ¶¶ 83–85]. Plaintiff also alleges that Deveillance aided and abetted Mosse's breach of fiduciary duty. [*Id.* ¶¶ 76–81]. This is sufficient to establish a "closely related" relationship for purposes of the second *Carlyle* factor.

Defendants also challenge Judge Augustin-Birch's conclusion on the third *Carlyle* factor, which speaks to the relationship between the claims at hand and the non-signatory's status related to the agreement. *See Carlyle*, 779 F.3d at 218. Defendants criticize Her Honor's finding that merely because "the forum-selection clause applies to this dispute" [ECF No. 23 at 4], the third factor is met. They complain that Judge Augustin-Birch should have conducted a specific analysis as to Deveillance and its status to the operating agreement. [*See* ECF No. 24 at 7–8]. But Defendants turn a blind eye to *Carlyle*'s holding that the inquiry for this third factor "is very similar to the question of whether the

forum selection clause applies to this dispute." 779 F.3d at 220.  And the forum selection clause, as Her Honor made abundantly clear, applies here.

Undeterred, Defendants maintain that the claims lodged against Deveillance are non-contractual tort claims so it bears no relation to the agreement.  [*See* ECF No. 24 at 7–8].  Defendants again overlook what *Carlyle* said.  There, the Third Circuit reiterated that "[c]ourts generally interpret language in a forum clause encompassing any claims 'with respect to' an agreement *broadly* to mean 'connected by reason of an established or discoverable relation.'  *An action need not even allege contract-based claims in order for a forum selection clause in a contract to be enforced.*"  *Carlyle*, 779 F.3d at 220 (emphasis added) (citations omitted).  That no contract claims are pled against Deveillance is of no moment here. This objection is OVERRULED.

Finally, as to the third objection, the Court declines to conduct a minimum contacts analysis because it disagrees with Defendants' objections on the scope of the forum selection clause.  One is simply unnecessary where, as here, the forum selection clause confers personal jurisdiction.  *See AFC Franchising, LLC v. Purugganan*, 43 F.4th 1285, 1291 (11th Cir. 2022) ("[T]he normal due process analysis is unnecessary where a nonresident defendant has consented to suit in a forum." (internal quotation marks omitted)).  The third objection is OVERRULED.

## CONCLUSION

Accordingly, in view of the foregoing and upon due consideration, it is hereby **ORDERED AND ADJUDGED** as follows:

1.     The R&R [**ECF No. 23**] is **AFFIRMED** and made a part of this Order for all purposes.

2.     The Motion to Dismiss for Lack of Jurisdiction [**ECF No. 16**] is **DENIED**.

3.     Defendants' Objections [**ECF No. 24**] are **OVERRULED**.

4.     Defendants shall file an Answer to the Complaint **no later than June 10, 2026**.

**DONE AND ORDERED** in the Southern District of Florida on May 20, 2026.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:      counsel of record

7